UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luther Garner, # 322156, ) | |
| ) | C/A No. 4:15-2209-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Monty Enzor, and Ryan Nolon, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Luther Garner (Plaintiff), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Broad River Correctional Institution (BRCI). Plaintiff asserts claims of negligence and seeks, inter alia, monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Notwithstanding that the Plaintiff paid the full filing fee, his claims are subject to review pursuant to the procedural provisions of 28 U.S.C. § 1915A. Pursuant to 28 U.S.C. § 1915A, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The plaintiff's complaint is also subject to review pursuant to the inherent authority of this Court.[2] *E.g., Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868 (S.D.N.Y. 2000) (finding that where a non-prisoner *pro se* plaintiff paid the filing fee to bring a civil action, the action was subject to dismissal with prejudice because it presented no arguably meritorious claim); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678 (S.D.N.Y. 2004) (finding that it was appropriate to dismiss with prejudice *sua sponte* a fee-paying *pro se* plaintiff's action because the court determined that the claims presented no arguably meritorious issue to consider). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307 (1989) (mentioning in *dicta* that "[s]tatutory provision may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious" action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Pillay v. INS*, 45 F.3d 14, 16 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable but that

---

[2] One administrative order indicated that a *pro se* prisoner complaint may be reviewed pursuant to § 1915(e)(2) even though the prisoner did not seek to proceed *in forma pauperis* and paid the full filing fee. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee). However, United States District Judge Duffy determined that subsequently to that administrative order the Sixth Circuit Court of Appeals concluded that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), to be persuasive that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*). Similar to Judge Duffy, Judge Norton in *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order), found that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case. This court is *not* conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2).

2

"we have inherent authority to dismiss an appeal as frivolous.").

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## Background

Plaintiff states that in April of 2014, a manuscript, which was purportedly sent to him by one Mary Gee via Federal Express (hereinafter "Fed Ex") was not received by Plaintiff. Plaintiff indicates that he did not received his "work of intellectual property, through theft, negligence or proper proceedings." Plaintiff identifies Defendant Enzor as the routing manager over the drivers for Fed Ex. He indicates that Defendant Nolan was the head of security at Lee Correctional Institution the time of the alleged incident.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting

*Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

As an initial matter, there is no indication that Defendant Enzor, an alleged employee of Fed Ex, acted under color of state law, which is a jurisdictional prerequisite to a § 1983 civil rights action. *See Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir.1980) (state action is an essential preliminary condition to Section 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff). The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. *See Abdullah v. Weaver* 2011 WL 3204670, 2 (D.S.C. 2011)(citing *Lugar v. Edmondson Oil Co.*, 639 F.2d 1058, 1062–1069 (4th Cir.1981), affirmed in part and reversed in part [on other grounds], 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments ...")) In any event, the *pro se* plaintiff has not made any allegations which would connect the actions of Defendant Enzor to the actions of a person or persons acting under color of state law. Generalized allegations of conspiracy

are not sufficient.[3] *See Stubbs v. Hunter*, 806 F.Supp. 81, 82–83 (D.S.C.1992); *Wetherington v. Phillips*, 380 F.Supp. 426, 428–429 (E.D.N.C.1974), affirmed, 526 F.2d 591 (4th Cir.1975) [Table]; and *Joyner v. Abbott Laboratories*, 674 F.Supp. 185, 191 (E.D.N.C.1987).

To the extent Plaintiff attempts to bring a due process claim by alleging that a person acting under color of law intentionally took Plaintiff's personal property or intentionally or negligently allowed another person to take it, there is no constitutional claim. The Constitution's Due Process Clause is not violated by the intentional unauthorized taking of a person's property by a state employee if a meaningful postdeprivation remedy for the loss is available. *See Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230–31 (4th Cir.2008) (concerning the intentional taking of guns and ammunition from the plaintiff and noting that a due process violation occurs not when the property is taken but when a State fails to provide due process); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir.2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff must utilize his remedies under South Carolina law to obtain damages or the return of his personal property. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530–536, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable

---

[3] Although a private citizen can act under color of state law, his or her actions must occur where the private citizen is a willful participant in joint action with the state or an agent of the state. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

postdeprivation remedy). *See also Samuel v. Ozmint*, C/A No. 3:07–178–PMD–JRM, 2008 WL 512736 at *7 (D.S.C. Feb.25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06–3392–PMD–GCK, 2007 WL 2288123 at *6 (D.S.C. Aug.6, 2007) (noting that a person in South Carolina appears to have adequate postdeprivation remedies for personal property loss). Therefore, Plaintiff's claim related to any purported theft of his property should be dismissed for failure to state a claim upon which relief may be granted.

At best, Plaintiff alleges that he has been injured by acts of negligence.[4] However, a negligence claim is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) (negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); *Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) ( Daniels bars an action under § 1983 for negligent conduct). Because negligent behavior on the part of a government official does not present a Constitutional violation, Plaintiff's negligence claims against Defendant Nolan are also subject to summary dismissal.[5]

---

[4]The Court notes that Plaintiff cannot obtain a criminal investigation or criminal charges against the Defendants or other named individuals through this lawsuit. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another); Collins v. Paczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions' "). Since the Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another, he lacks standing to even raise such a claim. Linda R.S. v. Richard D., 410 U.S. at 619.

[5]In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir.1986) (citing S.C.Code Ann. § 15–69–10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id*.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324–25; *Todd v. Baskerville* 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 4, 2015
Florence, South Carolina

---

(*citing Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). However, as indicated above, the complaint provides no indication that Defendant Nolan intentionally deprived Plaintiff of property.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).